1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9   JESUS ALVAREZ-MEJIA,                         CV F   06-0055 OWW SMS HC

10                      Petitioner,             FINDINGS AND RECOMMENDATIONS
                                                REGARDING RESPONDENT'S MOTION TO
11          v.                                  DISMISS

12                                              [Doc. 14]
    K. PROSPER,

13
                         Respondent.
14   _____/

15
        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
16
    pursuant to 28 U.S.C. § 2254.[1]
17
                            PROCEDURAL BACKGROUND
18
        Petitioner is confined pursuant to a judgment of the Superior Court of the State of
19
    California, County of Madera.  On June 11, 2001, Petitioner was convicted of first-degree
20
    murder and attempted first-degree murder, plus firearms enhancements, and was sentenced to life
21
    in prison, plus two terms of 25 years to life, plus a determinate term of 10 years.  (Lodged Doc.
22
    No. 1.)
23
        Petitioner filed a notice of appeal.  On July 29, 2002, the California Court of Appeal,
24
    Fifth Appellate District, affirmed the judgment.  (Lodged Doc. No. 2.)  On August 29, 2002,
25
    Petitioner filed a petition for review in the California Supreme Court.  (Lodged Doc. No. 3.)
26

27  _____

28      [1] On June 12, 2006, this action was reassigned to District Judge Oliver W. Wanger due to the senior status
    of Judge Robert E. Coyle.  (Court Doc. 17.)

1

1  The petition raised the single issue: that the erroneous admission of prior testimony was not

2  harmless beyond a reasonable doubt.  (Id. at 14-16.) The California Supreme Court denied the

3  petition on October 2, 2002.  (Lodged Doc. No. 4.)

4        On September 9, 2003, Petitioner filed a state habeas petition in Madera County Superior

5  Court, raising two claims: 1) insufficient evidence of first-degree murder; and 2) improper

6  conviction of attempted first-degree murder because there is no such crime under California law.

7  (Lodged Doc. No. 5.)  The petition was denied on October 9, 2003.  (Lodged Doc. No. 6.)

8        On October 29, 2003, Petitioner filed a state habeas petition in the California Court of

9  Appeal, Fifth Appellate District, raising the same two claims.  (Lodged Doc. No. 7.)  The Court

10  of Appeal denied the petition on November 7, 2003.  (Lodged Doc. No. 8.)

11        On December 1, 2003, Petitioner filed a state habeas petition in the California Supreme

12  Court, raising the same two claims, plus a third claim: imposition of the gun enhancements

13  violated his constitutional protection against double jeopardy.  (Lodged Doc. No. 9.)  The

14  California Supreme Court denied the petition on September 29, 2004.  (Lodged Doc. No. 10.)

15        On December 9, 2004, Petitioner filed another state habeas petition in the California

16  Supreme Court, raising three claims: 1) insufficient evidence of murder; 2) insufficient evidence

17  of attempted murder; and 3) ineffective assistance of appellate counsel.  (Lodged Doc. No. 11.)

18  On November 16, 2005, the California Supreme Court denied the petition, citing In re Clark, 5

19  Cal.4th 750 (1993).  (Lodged Doc. No. 12.)

20        Petitioner filed the instant petition for writ of habeas corpus on January 13, 2006.

21  Petitioner raises the following three claims: 1) admission of a witness's prior testimony was not

22  harmless error; 2) without such testimony, there was insufficient evidence of first-degree murder;

23  and 3) insufficient evidence of attempted murder.

24        Pursuant to the Court's order of March 23, 2006, Respondent filed a motion to dismiss

25  the instant petition on May 15, 2006.  (Court Doc. 14.)  Petitioner did not file an opposition.

26                                    DISCUSSION

27  A.      Procedural Grounds for Motion to Dismiss

28         Respondent has filed a motion to dismiss the petition as being filed outside the one year

2

1  limitations period prescribed by Title 28 U.S.C. § 2244(d)(1).  Rule 4 of the Rules Governing

2  Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face

3  of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the

4  district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

5     The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer

6  if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

7  the state's procedural rules.  See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)

8  (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White

9  v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

10  motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12

11  (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a

12  response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.

13  Supp. at 1194 & n. 12.

14     In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.

15  2244(d)(1)'s one-year limitations period.  Because Respondent's motion to dismiss is similar in

16  procedural standing to a motion to dismiss for failure to exhaust state remedies or for state

17  procedural default and Respondent has not yet filed a formal answer, the Court will review

18  Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.     Limitation Period for Filing a Petition for Writ of Habeas Corpus

19      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

20  of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

21  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

22  2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118

23  S.Ct. 586 (1997).  The instant petition was filed on November 30, 2005, and thus, it is subject to

24  the provisions of the AEDPA.

25     The AEDPA imposes a one year period of limitation on petitioners seeking to file a

26  federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244,

27  subdivision (d) reads:

28

1

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

2

3

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

4

5

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

6

7

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

8

9

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

10

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

11

12

13

In most cases, the limitation period begins running on the date that the petitioner's direct

14

review became final.  Here, Petitioner was convicted on June 11, 2001.  In this case, the petition

15

for review was denied by the California Supreme Court on October 2, 2002.[2]  Thus, direct review

16

would conclude on December 31, 2002, when the ninety (90) day period for seeking review in

17

the United States Supreme Court expired.[3] Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen

18

v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (concluding period of "direct review" includes the

19

period within which one can file a petition for a writ of certiorari in the United States Supreme

20

Court); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir. 1998).  Petitioner would have one year

21

from January 1, 2003, absent applicable tolling, in which to file his federal petition for writ of

22

habeas corpus.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule

23

6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling

24

applicable to the one year limitations period.)  Therefore, the statute was set to expire on

25

December 31, 2003.  Petitioner did not file the instant petition until January 13, 2006.

26

27

[2]  Cal.R.Ct. 24(a) providing that an order of the Supreme Court denying a petition for review of a decision of a Court of Appeal becomes final when it is filed.

28

[3] See Sup.Ct.R. 13(1).

1  C.      Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

2       Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed

3  application for State post-conviction or other collateral review with respect to the pertinent

4  judgment or claim is pending shall not be counted toward" the one year limitation period.  28

5  U.S.C. § 2244(d)(2).  In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is

6  tolled from the time the first state habeas petition is filed until the California Supreme Court

7  rejects the petitioner's final collateral challenge."[4]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.

8  1999), *cert. denied,* 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999);

9  Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the

10  limitations period during the time a petitioner is preparing his petition to file at the next appellate

11  level reinforces the need to present all claims to the state courts first and will prevent the

12  premature filing of federal petitions out of concern that the limitation period will end before all

13  claims can be presented to the state supreme court.  Id. at 1005.  The limitations period, however,

14  will not toll for the time a petition for writ of habeas corpus is pending in federal court.  Duncan

15  v. Walker, 533 U.S. 167 (2001).

16       At the time Petitioner filed his first state habeas corpus petition, 252 days had lapsed

17  against the statute of limitations.  As Respondent correctly submits, Petitioner is entitled to

18  tolling from September 9, 2003, the date he filed his first state habeas petition, to September 29,

19  2004, when the California Supreme Court denied Petitioner's third state habeas petition.

20       Petitioner filed a fourth state habeas petition in the California Supreme Court on

21  December 9, 2004.  In denying Petitioner's fourth state habeas petition (his second in that court),

22  the California Supreme Court denied the petition stating: "Petition for writ of habeas corpus is

23  DENIED."  (See In re Clark (1993) 5 Cal.4th 750.)" (Lodged Doc. No. 12.)

24       The Supreme Court has clearly stated that "[w]hen a postconviction petition is untimely

25

26       [4] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original
27  habeas corpus jurisdiction. See Nino, 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order
   denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of
28  Appeal. Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by
   way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

1   under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."  Pace, 544 U.S.

2   408, 414; 125 S.Ct. at 1807, 1812 (2005) (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)).

3   Thus, the California Supreme Court's express finding that Petitioner's habeas corpus petition

4   was untimely under California law renders the petition not "properly filed" and therefore it does

5   not toll the limitations period.  See Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005).

6          Respondent argues that under Pace, the fourth petition was not properly filed and

7   Petitioner is not entitled to tolling.  The Court does not agree.  As Respondent concedes, it is

8   clear that the fourth petition submitted to the California Supreme Court contained one successive

9   claim and two untimely claims.  (Answer, at 5-6.)  The holding in Pace applies only to denials by

10  the state Supreme Court based on timeliness grounds finding that it is a filing condition.  The

11  Court stated that "[f]or purposes of determining what are 'filing' conditions, there is an obvious

12  distinction between time limits, which go to the very initiation of a petition and a court's ability

13  to consider that petition, and the type of 'rule of decision' procedural bars at issue in *Artuz*,

14  which go to the ability to obtain relief."  Pace, 544 U.S. at 417.  Thus, the rule announced in Pace

15  applies to the time limitations and not procedural bars.  Id.; see also Artuz v. Bennett, 531 U.S. 4,

16  9-11 (2000) ("[T]he question whether an application has been 'properly filed' is quite separate

17  from the question whether the claims contained in the application are meritorious and free of

18  procedural bar."  A state law procedural bar sets forth "a condition to obtaining relief," rather

19  than "a condition to filing," and, thus, does not determine whether a petition is "properly filed"

20  for purposes of 2244(d)(2).)  Accordingly, the Court rejects Respondent's argument to extend the

21  holding of Pace to the situation in this case where there is both a successive claim and untimely

22  claims, and Pace therefore does not bar Petitioner from tolling.  However, for the following

23  reasons the instant petition is nonetheless untimely.

24          As Respondent correctly argues, Petitioner is not entitled to tolling for the 71-day period

25  between the denial of his third petition by the California Supreme Court and the filing of another

26  petition in that court.

27          The United States Supreme Court has stated that a habeas petitioner is entitled to tolling

28  for the interval or "gap" between the denial of a state habeas petition and the filing of a

1    subsequent state habeas petition when the petitioner timely seeks review in a higher court of

2    claims rejected by a  lower court decision.  See Evans v. Chavis, 546 U.S. 189, 126 S.Ct. 846,

3    852 (2006); Carey v. Saffold, 536 U.S. at 223.

4            Accordingly, the Ninth Circuit has held that there is no tolling for an interval between

5    separate "rounds" of state habeas petitions where a petitioner is "no longer pursuing his

6    application for habeas relief up the ladder of the state court system."  Biggs v. Duncan, 339 F.3d

7    1045, 1048 (9th Cir. 2003); see also Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003) ("a

8    petitioner is not entitled to tolling during the gap between the completion of one full round of

9    state collateral review and the commencement of another").  The Ninth Circuit has held that a

10   subsequent petition is part of the same round of a prior petition if it is "limited to an elaboration

11   of the facts relating to the claims in the first petition."  King v. Roe, 340 F.3d 821, 822 (9th Cir.

12   2003).  "If not, these petitions constitute a 'new round' and the gap between the rounds is not

13   tolled."  Id.

14           As Respondent correctly argues, an examination of Petitioner's fourth habeas petition,

15   filed in the California Supreme Court, shows that it was not limited to an elaboration of the facts

16   in his prior habeas petitions.  Although the fourth petition alleged some additional facts regarding

17   the evidence in connection with the murder conviction, it also included two entirely new claims -

18   insufficient evidence to support the attempted murder conviction, and ineffective assistance of

19   appellate counsel.  (See Lodged Docs. Nos. 9, 11.)  Thus, because the fourth petition kicked off a

20   new round of claims, including one included in the instant petition, Petitioner is not entitled to

21   tolling during the gap preceding the filing of that petition.  See Biggs v. Duncan, 339 F.3d at

22   1048; Delhomme v. Ramirez, 340 F.3d at 820; King v. Roe, 340 F.3d at 822.[1]

23           Without tolling for the 71-day gap between the denial of Petitioner's third state habeas

24

25           [1] In King v. Roe, "the first petition filed in the California Supreme Court was denied without prejudice with
26   citations to two cases that require that one must allege with sufficient particularity the facts warranting habeas relief
     and allow amendment to comply.  See In re Swain, 34 Cal.2d 300, 302, 209 P.2d 793 (1949), People v. Duvall, 9
27   Cal.4th 464, 474, 37 Cal.Rptr.2d 259, 886 P.2d 1252 (1995)."  King v. Roe, 340 F.3d at 823.  In contrast, here,  in
     denying the third petition for writ of habeas corpus the California Supreme Court stated "Petition for writ of habeas
28   corpus is DENIED." (Lodged Doc. No. 10.)  Thus, the deficiencies as noted in King were presumably not present in
     Petitioner's case.

1    petition by the California Supreme Court on September 29, 2004, and the filing of his fourth state

2    habeas petition in that same court on December 9, 2004, his petition is untimely.  As previously

3    noted, 252 days elapsed between the date the judgment became final and the filing of Petitioner's

4    first state habeas petition in superior court.  Another 71 days elapsed during the untolled gap

5    between the third and fourth state habeas petitions.  An additional 58 days elapsed between the

6    denial of the fourth petition by the California Supreme Court on November 16, 2005, and the

7    filing of the instant petition on January 13, 2006.  Because a total of 381 days elapsed on the one-

8    year statute clock, the petition was late by 16 days.

9          Even if the Court applied the mailbox rule, it still does not render the instant petition

10   timely.  In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is

11   deemed filed on the date of its submission to prison authorities for mailing, as opposed to the

12   date of its receipt by the court clerk.  Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385

13   (1988).  The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings

14   under the AEDPA limitations period.  Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001),

15   citing Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).  Applied here,

16   Petitioner signed his first state habeas petition on September 2, 2003, seven days before it was

17   filed in Madera Superior Court.  (Lodged Doc. No. 5.)  He signed a declaration for service for his

18   fourth state habeas petition on December 5, 2004, four days before it was filed in the California

19   Supreme Court.  (Lodged Doc. No. 11.)  And he signed a proof of service for the instant petition

20   on January 9, 2006, four days before it was filed in this Court.  (Court Doc. 1.)

21         Thus, applying the mailbox rule, 245 days expired on the statute of limitations clock

22   between the date the judgment became final and the filing of the first state habeas petition.

23   Another 67 days elapsed during the interval between the denial of the third petition and the filing

24   of a fourth petition in the California Supreme Court.  And then another 54 days elapsed between

25   the denial of the fourth state habeas petition and the filing of the instant petition.  Therefore, a

26   total of 366 days of untolled time elapsed on the clock, and the instant petition was late by one

27   day.  "Foreclosing litigants from bringing their claim because they missed the filing deadline by

28   one day may seem harsh, but courts have to draw lines somewhere. . . ."  United States v.

1  Marcello, 212 F.3d 1005, 1010 (7ᵗʰ Cir. 2000); see also Turner v. Singletary, 46 F.Supp.2d 1238,

2  1240 (N.D. Fl. 1999) ("The law is and has always been that a statute of limitations creates a

3  definitive deadline; a complaint or petition filed one day late . . . is untimely, just as if a year

4  late.").

5  D.      Equitable Tolling

6         The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1)

7  that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

8  stood in his way."[2] Pace v. DiGuglielmo, 544 U.S. 408 (2005); see also Irwin v. Department of

9  Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541

10 (9ᵗʰ Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9ᵗʰ Cir. 1996), cert

11 denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to

12 tolling. Pace, 125 S.Ct. at 1814; Smith v. Duncan, 297 F.3d 809 (9ᵗʰ Cir.2002); Hinton v. Pac.

13 Enters., 5 F.3d 391, 395 (9th Cir.1993).

14        Petitioner does not argue that he was prevented in any way from timely filing the federal

15 petition.  Accordingly, Petitioner is not entitled to equitable tolling and the petition remains

16 untimely.

17                              RECOMMENDATION

18        Based on the foregoing, it is HEREBY RECOMMENDED that:

19        1.      Respondent's motion to dismiss the instant petition as untimely be GRANTED;

20                and

21        2.      This action be DISMISSED, with prejudice and judgment be entered.

22        This Findings and Recommendations is submitted to the assigned United States District

23 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

24 the Local Rules of Practice for the United States District Court, Eastern District of California.

25 Within eleven (11) days after being served with a copy, any party may file written objections

26

27        [2]The Supreme Court noted that it has never squarely addressed the question whether equitable tolling is
28 available under AEDPA's statute of limitations. In Pace, the Supreme Court again declined to do so and only
   assumed for the sake of argument that it did, because Respondent assumed as much and Petitioner was not entitled to
   tolling under any standard. 125 S.Ct. at 1814 n. 8.

1  with the court and serve a copy on all parties.  Such a document should be captioned "Objections

2  to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served

3  and filed within five (5) <u>court</u> days (plus three days if served by mail) after service of the

4  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

5  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time

6  may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

7  Cir. 1991).

8  IT IS SO ORDERED.

9  **Dated:    December 15, 2006**                          **/s/ Sandra M. Snyder**
   icido3                                          UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28